**FILED**
**CLERK**

7/26/2017 4:32 pm
For Online Publication Only
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HENRY AVOCADO CORPORATION, a California corporation

                               Plaintiff,

    v.-

JOHNNY AVOCADO, INC., a New York corporation; and JOHN GOUZOS, an individual,

                              Defendants.
------------------------------------------------------------------------X

**ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER**
17-CV-4123 (JMA) (ARL)

**AZRACK, United States District Judge:**

    Before the Court is Plaintiff's Motion for Temporary Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. Pursuant to Rule 65(b), a Temporary Restraining Order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by Declaration or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

    In this case, it appears from the Declaration of Diane Brownell, Accounts Receivable Manager for Plaintiff, Henry Avocado Corporation ("Henry Avocado"), that Henry Avocado is a produce dealer and trust beneficiary of Defendant, Johnny Avocado, Inc. ("Johnny Avocado"), under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c), and has not been paid for produce in the total amount of $371,131.00 supplied to Johnny Avocado. It also appears from the same Declaration and the Certification of Counsel that Johnny Avocado is in severe financial jeopardy and the PACA trust assets are being dissipated or

1

threatened with dissipation, see Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990), and that Johnny Avocado is not or may not be in a position to pay the claims of Henry Avocado, see JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75 (2d Cir. 1990), thereby warranting the relief requested by Henry Avocado. On the basis of the pleadings, Declaration and other submissions Henry Avocado has filed in this matter, it appears Henry Avocado will suffer immediate and irreparable injury due to Johnny Avocado's dissipation of Henry Avocado's beneficial interest in the statutory trust created pursuant to 7 U.S.C. §499e(c) and that such dissipation will continue in the absence of injunctive relief.  Therefore, the Court is of the opinion that a Temporary Restraining Order should be issued.

If notice is given to Johnny Avocado of the pendency of this motion, trust assets will be further threatened with dissipation before the motion is heard.  As noted in the legislative history of PACA, once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989). Entry of this Order without notice assures retention of the trust assets under the control of this Court, which is specifically vested with jurisdiction over the trust. 7 U.S.C. §499e(c)(5). In accord with Rule 65(b)(2), Henry Avocado's attorney has certified why notice should not be required.

Based on the foregoing, this Court finds that Henry Avocado will suffer immediate and irreparable injury in the form of a loss of trust assets unless this Order is granted without notice.

Therefore, it is by the United States District Court for the Eastern District of New York,

**ORDERED**, that, this Temporary Restraining Order is entered this 26th day of July, 2017; and it is further

**ORDERED**, that, Defendant, Johnny Avocado, Inc., and its agents, officers, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with said Defendant, including John Gouzos, are enjoined during the pendency of this action, from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of the PACA, except for payment to Henry Avocado Corporation, without Henry Avocado Corporation's agreement, or until further order of this Court; and it is further

**ORDERED**, that, under §499e(c)(2) of PACA, the assets subject to this Order include all of the assets of Johnny Avocado, Inc., unless Johnny Avocado, Inc. can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products. Johnny Avocado, Inc., however, may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, on the condition that Johnny Avocado, Inc. maintains the proceeds of such sale subject to this Order; and it is further

**ORDERED**, that, Johnny Avocado, Inc. and John Gouzos show cause before this Court in the Central Islip Courthouse, Courtroom 920, 100 Federal Plaza, Central Islip, NY 11722, on the 1st day of August, 2017, at 12:00 PM, or as soon thereafter as counsel may be heard, why an Order for Preliminary Injunction should not be entered enjoining Defendant, Johnny Avocado, Inc., its agents, officers, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with said Defendant including John Gouzos, during the pendency of this action, from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of the PACA, except for payment to Henry Avocado Corporation, without Henry Avocado Corporation's agreement, or until further order of

this Court; and it is further

**ORDERED**, that, this Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise; and it is further

**ORDERED**, that, the $371,131.00 in PACA trust assets belonging to Henry Avocado and in the possession of Johnny Avocado will serve as Henry Avocado's security for this injunction as required by Rule 65(c) of the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that, Henry Avocado must serve Defendants, or their resident agent, or their counsel, with a copy of this Order, together with the annexed declaration and memorandum of law, by personal service, including by facsimile transmission or federal express, on or before the 27th day of July, 2017.  Such service will be deemed good and sufficient; and it is further

**ORDERED**, that, Defendants must file any and all responsive papers to Henry Avocado's Motion for Preliminary Injunction by 12:00 PM on the 31st day of July, 2017.

**SO ORDERED.**

Date: July 26, 2017
Central Islip, New York

                                                                                                                        /s/ (JMA)
                                                                                Joan M. Azrack
                                                                              United States District Judge